Marian F. Harrison
US Bankruptcy Judge

Dated: 4/26/2017

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 316-05844 |
| DAVID SCOTT WEAVER, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) CHAPTER 7 |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the United States Trustee's ("UST") motion to dismiss pursuant to 11 U.S.C. § 707(b)(2) and (b)(3), or in the alternative, 11 U.S.C. § 707(a). For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052, as made applicable by Federal Rule of Bankruptcy Procedure 9014(c), the Court finds that the UST's motion should be granted.

## I. FINDINGS OF FACT

1. On August 18, 2016, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). Although Debtor is married, his wife did not file for bankruptcy relief.

2. Also on August 18, 2016, Debtor filed his Schedules of Assets and Liabilities ("Schedules"), Statement of Financial Affairs, and Chapter 7 Statement of Your Current Monthly Income Form 122A-1 and Chapter 7 Means Test Calculation Form 122A-2 (collectively Form 122A-1 and 122A-2 are referred to herein as the "Means Test").

3. Debtor scheduled $23,027 in general unsecured debt on Schedule F of his Bankruptcy Schedules.

4. Debtor's debts consist of primarily consumer debts.

5. On September 27, 2016, the UST timely filed a Statement of Presumed Abuse.

6. On October 20, 2016, the UST timely filed a motion, arguing that absent Debtor's voluntary conversion to a Chapter 13 case, the Court should dismiss Debtor's Chapter 7 case because the presumption of abuse arises under 11 U.S.C. § 707(b)(2), and Debtor failed to adequately demonstrate special circumstances sufficient to rebut the presumption of abuse. Alternatively, the UST argued in its motion, that absent Debtor's voluntary conversion to a Chapter 13 case, the Court should dismiss Debtor's Chapter 7 case because the totality of the circumstances demonstrated abuse under 11 U.S.C. § 707(b)(3).

7. Debtor indicated in the Means Test that the presumption of abuse does not arise because his monthly disposable income is only $36.40. Debtor's calculations included his wife's income adjusted to the extent that she contributed to household expenses.

8. As shown by the UST, Debtor's calculations on the Means Test are erroneous and do not accurately reflect the true state of Debtor's income and expenses.

9. First, Debtor claimed a marital adjustment of $1100 per month on the Means Test. However, Debtor was only able to provide documentary evidence supporting a marital adjustment of $650. Neither Debtor nor Debtor's wife testified as to the basis for the discrepancy in the claimed marital adjustment.

10. Second, also as part of Debtor's Means Test calculations, Debtor claimed $1744 for his and his wife's payroll taxes. As the UST's Bankruptcy Analyst, Paul Poole ("Mr. Poole"), testified, this amount represents the amount Debtor and his wife withheld from their pay, not the amount of taxes incurred. Based on a calculation of Debtor's and his wife's effective tax rate, the actual tax that Debtor and his wife incurred is $1443. Although Debtor testified that his accountant had told him he was not over-withholding taxes from his pay, Debtor also testified that he had received a tax refund of his 2015 taxes, indicating that he had over-withheld taxes from his paycheck.

11. Debtor's household size is two. Debtor is a resident of Davidson County, Tennessee, in which the applicable state median income for a household of two is $50,739.

12. Debtor's annualized income both alone and when combined with his wife's annualized income is more than the applicable state median income.

13. Specifically, their combined annualized income in 2016 was $92,424, which is $41,685 more than the applicable state median income.

14. Debtor's annualized income alone in 2016 was $70,020, which is $19,281 more than the applicable state median income.

15. After adjusting Debtor's Means Test calculations with respect to the marital adjustment and claimed expenses for taxes so that they accurately reflect the true state of Debtor's income and expenses, Debtor's household monthly disposable income is $758, which equates to $45,480 over 60 months.

16. Mr. Poole testified that even without considering his wife's income and expenses, Debtor's monthly disposable income would be excessive under 11 U.S.C. § 707(b)(2).

17. Debtor answered "no" to question 43 of the Means Test which asks: "[d]o you have any special circumstances that justify expenses or adjustments of current monthly income for which there is no reasonable alternative."

18. Nevertheless, Debtor and his wife testified to two circumstances that they argued justified expenses or adjustments of current monthly income.

19. First, Debtor testified that in addition to the $703 in child support payments he is required to pay per month for the support of his two minor children who do not live with Debtor, he pays additional amounts towards certain of his children's expenses. Debtor did not, however, testify to the amount he pays for his children's expenses nor did he offer any other proof of such payments. Nothing in the record supported Debtor's claim that he pays additional amounts for his children's care.

20. Next, Debtor's wife testified that the marital adjustment was actually more than $1100 per month due to a $258 per month tax obligation she owes the IRS ("Tax Obligations"). Debtor did not include his wife's Tax Obligations in the Means Test calculations or Debtor's Statements and Schedules. Debtor also did not offer any documentary evidence of his wife's Tax Obligations.

21. On Schedule I, Debtor listed gross monthly household income of $7702 and payroll deductions of $2892 for a total net monthly household income of $4810.

22. On Schedule J, Debtor listed monthly household expenses of $4828. After Debtor subtracted the net household monthly income from the monthly household expenses, Debtor calculated his household disposable monthly income as negative $18.

23. Debtor's claimed payroll deductions and claimed expenses, however, were not accurate.

24. First, Debtor claimed $1744 in monthly payroll deductions for himself and his wife on Schedule I. However, based on a calculation of Debtor's and his wife's effective tax rate, based on the Debtor's 2015 tax return, Debtor and his wife are over-withholding for taxes and only need to withhold an aggregate of $1443 per month.

25. Second, Debtor also claimed expenses on Schedule J in the aggregate amount of $64[1] that were excessive or were not properly documented, which included expenses for

---

[1] On Exhibit 28, Mr. Poole's numbers indicate that the debtor claimed expenses were overstated by $180. Mr. Poole testified that initially, documentation of the wife's student loan payment only supported an expense of $134. Later, Mr. Poole received documentation that supported the amount originally claimed, $250. By the Court's calculations, this reduces the amount of overstated expenses to $64.

5 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:16-bk-05844    Doc 42    Filed 04/26/17    Entered 04/26/17 13:01:07    Desc Main
Document      Page 5 of 12

(1) telephone and internet, (2) Debtor's wife's vehicle payment, (3) pet expenses, and (4) Debtor's wife's debt payments. Neither Debtor nor Debtor's wife testified to any facts regarding the reasonableness of these charges or provided documentation to support the claimed amounts.

26. After subtracting Debtor's adjusted allowable expenses from his net household income, Debtor's household monthly disposable income is $942, which would allow Debtor to pay off all of his unsecured creditors in less than the 60 months allowed in a Chapter 13 plan.

27. Based on Mr. Poole's testimony, even without the wife's contributed income or even if the wife's income went completely toward her own debt, the Debtor would not satisfy 11 U.S.C. § 707(b)(3).

28. Debtor has been employed at C.K. Masonry Co., Inc., for the last 13 years and is earning regular income as a superintendent there. He is eligible for relief under Chapter 13.

## II. CONCLUSIONS OF LAW

### A. 11 U.S.C. § 707(b)(2)

Pursuant to 11 U.S.C. § 707(b)(l), the Court may dismiss a case filed by an individual whose debts are "primarily consumer debts," if it finds that granting relief would be an abuse of the provisions of Chapter 7. Section 707(b)(2)(A)(I) requires the Court to presume that a debtor's Chapter 7 filing is an abuse of the provisions of Chapter 7 if the debtor's current monthly income reduced by allowed deductions and multiplied by 60 is greater than $12,850.[2] As such, if after deducting all allowable expenses from Debtor's current monthly income, Debtor has monthly disposable income of more than $207.92 (i.e., $12,850 to fund a 60-month plan) the filing is presumed abusive.

Section 707(b)(2)(A)(ii) identifies the only categories of expenses that debtors may deduct from current monthly income in calculating net disposable income. By statutory definition, because Debtor's disposable income, both alone and including his wife's disposable income, exceeds $12,850, his case is one of presumed abuse. 11 U.S.C. § 707(b)(2)(B)(iv)(II).

"Once the presumption of abuse arises under § 707(b)(2), the Court is required to dismiss the case unless the debtor can successfully rebut the presumption." *In re Witek*, 383

---

[2]The dollar amount applicable to cases filed on or after April 1, 2016.

B.R. 323, 329 (Bankr. N.D. Ohio 2007). The requirements for rebutting the presumtpion are set forth in 11 U.S.C. § 707(b)(2)(B):

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
>
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—
> (I) documentation for such expense or adjustment to income; and
>
> (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
>
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

As the court in *Witek* explained, "[t]he effect of this section [707(b)(2)(B)] is to give the Court some discretion to allow changes in the 'means test' equation when equity so compels." 383 B.R. at 329 (citation omitted). Nevertheless, "§ 707(b)(2)(B) 'goes on to set this bar extremely high, placing it effectively off limits for most debtors.'" *Id.* (citation omitted).

In the present case, the only circumstances raised by Debtor that could potentially qualify as special circumstances are (1) Debtor's claim to be paying amounts towards certain

8 - U.S. Bankruptcy Court, M.D. Tenn.

of his children's expenses in addition to his regular child support payments; and (2) Debtor's wife's Tax Obligations. As to the additional child support payments, even if they qualified as a "special circumstance," Debtor neither offered documentation of the additional expenses nor provided a detailed explanation of the special circumstances that make such expenses or adjustments to income necessary and reasonable.

The same is true as to Debtor's wife's Tax Obligations. Even if such obligations qualified as a "special circumstance," neither Debtor nor Debtor's wife provided documentary evidence of the Tax Obligations nor provided a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable. Moreover, even if they had, such proof of wife's Tax Obligation would not have been sufficient to overcome the presumption of abuse since Debtor has sufficient disposable income without consideration of his wife's income to repay a material dividend to his non-priority unsecured creditors.

As a result, Debtor did not meet his burden of proof to rebut the presumption of abuse, and the case must be dismissed unless Debtor chooses to convert this case to one under another chapter of the Bankruptcy Code prior to entry of the Order of Dismissal.

## B. 11 U.S.C. § 707(b)(3)

Even if Debtor had met his burden of proof to rebut the presumption of abuse, dismissal is appropriate under 11 U.S.C § 707(b)(3). A presumption of abuse may arise under 11 U.S.C. § 707(b)(2) for debtors who earn above-median income, but where a presumption of abuse does not arise or is rebutted, the Court may still dismiss a debtor's case if the petition was filed in bad faith or the totality of the circumstances demonstrates abuse. As stated in 11 U.S.C. § 707(b)(3):

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) does not arise or is rebutted, the court shall consider–
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Section 707(b)(3) contemplates that a debtor who passes the means test of 11 U.S.C. § 707(b)(2) could still have his or her case dismissed if the case is an abuse of the provisions of Chapter 7. *See In re Paret*, 347 B.R. 12, 15 (Bankr. D. Del. 2006) (citation omitted) ("When no presumption of abuse arises under paragraph (b)(2), the Court concludes that the Code mandates consideration of a debtor's ability to pay his creditors within the test articulated in paragraph (b)(3).").

Prior to 2005, the standard for dismissal under this provision required the United States Trustee to carry the burden of proving "substantial abuse" by a debtor rather than the

current "abuse." *In re Goble*, 401 B.R. 261, 275 (Bankr. S.D. Ohio 2009) (citations omitted). Although the standard has been lowered, pre-BAPCPA Sixth Circuit case law remains instructive to the determination of abuse. *Id.* at 276. In two such cases, *In re Krohn*, 886 F.2d 123 (6th Cir. 1989), and *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429 (6th Cir. 2004), the Sixth Circuit held that a case should be dismissed under 11 U.S.C. § 707(b)(3) when the totality of a debtor's circumstances demonstrated a lack of need. Although Courts also consider a debtor's source of income, eligibility for Chapter 13 discharge, the degree of relief obtainable through private negotiations and the ability to reduce expenses, the most critical element in determining neediness is whether a debtor has the ability to repay debts out of future earnings. *Krohn*, 886 F.2d at 126 (noting that this "factor alone may be sufficient to warrant dismissal"); *Behlke*, 358 F.3d at 434 (citing *Krohn*). A debtor's ability to pay can be measured by whether there is sufficient disposable income to fund a Chapter 13 plan. *Behlke* at 437-38 (finding "substantial" abuse when debtor had ability to repay a 14% dividend over three years or 23% over five years); *In re Mestemaker*, 359 B.R. 849, 857 (Bankr. N.D. Ohio 2007) (finding abuse when debtor could pay 10% to 15% of all unsecured debt in a Chapter 13 case).

As acknowledged by the Supreme Court, "[p]roceedings under Chapter 13 can benefit debtors and creditors alike. Debtors are allowed to retain their assets, commonly their home or car. And creditors . . . usually collect more under a Chapter 13 plan than they would have

received under a Chapter 7 liquidation." ***Harris v. Viegelahn***, ___ U.S. ___, 135 S. Ct. 1829, 1835 (2015).

In the present case, the UST has shown that whether considering Debtor's monthly disposable income alone or in combination with his wife's income, Debtor is capable, without hardship, to pay Debtor's unsecured creditors in full in less than three years. Consequently, the totality of Debtor's financial condition warrants a dismissal of the case pursuant to 11 U.S. C. §707(b)(3).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the UST met his burden under 11 U.S.C. § 707(b)(2) and (b)(3) in showing that the granting of a Chapter 7 discharge in this case would be an abuse.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

12 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-05844    Doc 42    Filed 04/26/17    Entered 04/26/17 13:01:07    Desc Main Document    Page 12 of 12